UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONNA HOGANSON,

    Plaintiff,

                                     Case No. 2:04-cv-299

v.

                                     CONSENT CASE

MENARD, INC., et al.,

    Defendants.

_____/

## OPINION AND ORDER

Plaintiff alleges that she sustained injuries from an accident that occurred at the Menard store in Marquette, Michigan, on December 10, 2003. Plaintiff filed this lawsuit against defendants Menard, Inc., Door Closing, Inc., and Nabco Enterprises, Inc. Plaintiff and defendant Door Closing have reached a settlement and have entered into a stipulation to dismiss defendant Door Closing. Defendant Nabco has refused to sign the stipulation. Defendant Door Closing has moved for an order of dismissal. Defendant Door Closing is now entitled to dismissal from this action. Accordingly, the court will enter an order dismissing defendant Door Closing.

Defendant Nabco moves for leave to file a non-party at fault notice pursuant to MCR 2.112(k). Defendant Nabco would like to file a non-party at fault notice naming defendant Door Closing after defendant Door Closing is dismissed from this action. Plaintiff objects to defendant Nabco's motion, arguing that it is procedurally improper and prejudicially untimely. MCR 2.112(k) provides, in part:

> (3) Notice
>
> > (a) A party against whom a claim is asserted may give notice of a claim that a nonparty is wholly or partially at fault. A notice filed by one party identifying a particular nonparty serves as notice by all parties as to that nonparty.
> >
> > (b) The notice shall designate the nonparty and set forth the nonparty's name and last known address, or the best identification of the nonparty that is possible, together with a brief statement of the basis for believing the nonparty is at fault.
> >
> > (c) The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

Contrary to plaintiff's argument, there existed no reason for defendant Nabco to move for leave to file a notice of non-party at fault while defendant Door Closing was a party to this action. Plaintiff cannot assert prejudice because plaintiff was obviously aware of defendant Door Closing's involvement in the alleged wrongdoing since defendant Door Closing is a party until dismissed by this order. Moreover, in *Salter v. Patton*, 261 Mich. App. 567, 542, 682 N.W.2d 537, 542 (2004), the court explained:

> However, as defendants point out, all the parties named in their notice were parties to the action up to the time they settled, and discovery was comprehensive. Furthermore, after the settlement, defendants almost immediately filed their motion to file notice of nonparty fault. Indeed, the court rule requires the trial court to grant the motion in this case because defendants could not have known about the need to file notice until after the settlement ("the court *shall* allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier. . . .").

Similarly, defendant Nabco's late notice is appropriate against a settling defendant as soon as that defendant is no longer a party to the case. Moreover, plaintiff has not shown any prejudice by allowing notice at this time in the litigation.

Accordingly,

IT IS HEREBY ORDERED that defendant Nabco's motion for leave to file non-party at fault notice (docket #126) is GRANTED.

IT IS FURTHER ORDERED that defendant Door Closing's motion for dismissal (docket #125) is GRANTED and defendant Door Closing, Inc., is DISMISSED from this action.

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 4, 2007