UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONNA HOGANSON,

    Plaintiff,

v.                                              Case No. 2:04-cv-299
                                                  CONSENT CASE

MENARD, INC., et al.,

    Defendants.
_____/

## OPINION

        Plaintiff Donna Hoganson filed this personal injury action after sustaining a broken femur while shopping at Menard, Inc., in Marquette, Michigan. Plaintiff contracted polio at the age of six months and walks with arm crutches. Her right leg is shorter and weaker than her left leg. She had her left hip replaced in 1997. On December 10, 2003, plaintiff exited the Menard store following a Menard employee, who helped load her sister-in-law's vehicle. It was windy outside the store and the Menard employee suggested that plaintiff go back inside the store. Plaintiff asked if it was safe to re-enter the store through the sliding exit doors. The Menard employee stated "yes." However, as plaintiff attempted to re-enter the store, she was struck by the closing sliding doors. The impact knocked her to the ground. As a result, she broke her femur just below her hip prosthesis. On December 16, 2003, the Acusensor in the door was replaced. The Acusensor is designed to detect people or objects in the doorway. The Acusensor sends a signal that keeps the doors open. When no signal is sent, the doors close. Wisconsin Automatic Door, Inc., has been dismissed from this case. Defendants also include Door Closing, Inc., and Gyro Tech, Inc.

Defendant Menard moves for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

It is undisputed that plaintiff was an invitee and that defendant Menard owed her a duty of reasonable care. *Clark v. K-Mart Corp*, 465 Mich 416; 634 NW2d 347 (2001).

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if the owner: (a) knows of, or by the exercise of reasonable care would discover, the condition and

> should realize that the condition involves an unreasonable risk of harm to such invitees; (b) should expect that invitees will not discover or realize the danger, or will fail to protect themselves against it; and (c) fails to exercise reasonable care to protect invitees against the danger.

*Stitt v. Holland Abundant Life Fellowship*, 462 Mich. 591, 597, 614 N.W 2d 88, 92 (2000).

In *Markel v. Great Atlantic & Pacific Tea Co., Inc.*, 2005 WL 2757362 (Mich. App. Oct. 25, 2005), the plaintiff alleged that defendants negligently failed to inspect their store doors and maintain them in a reasonably safe condition. As the plaintiff exited defendant Farmer Jack's store, the sliding doors closed striking and injuring him. The court of appeals affirmed the dismissal of the case concluding no evidence existed to show that the defendants had knowledge of the alleged defective door. In *Cassani v. Meijer, Inc.*, 2003 WL 1365919 (Mich. App. March 18, 2003), the plaintiff sustained injuries when he was struck in the head by an automatic door at defendant's store. Defendant argued that the automatic door system was an open and obvious condition and no special aspects of the condition created a duty on defendant. The court dismissed the case finding that the automatic doors clearly opened in a manner that allowed a prudent person to avoid danger.

The open and obvious doctrine provides that when a danger is known to an invitee or so obvious that an invitee might reasonably be expected to discover the danger, no duty to warn of the danger is required. *Riddle v. McLouth Steel Products Corp.*, 440 Mich. 85, 96-97, 485 N.W.2d 676, 682 (1992). "A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them. . . ." 2 Restatement Torts, 2d, § 343A(1), as quoted in *Riddle*, 440 Mich. at 94. The *Riddle* Court stated that "the 'no duty to warn of open and obvious danger' rule is a defensive doctrine that attacks the duty element that a plaintiff must establish in a prima facie negligence case." *Riddle*, 440 Mich. at 95-96. The test is whether the average person with ordinary intelligence would have been able to

discover the danger. *Novotney v. Burger King Corporation*, 198 Mich. App. 470, 499 N.W. 2d 379 (1993) (where the slip and fall occurred on a handicap access ramp, there was no duty to warn of the open and obvious danger posed by inclined handicap ramp).

Defendant Menard argues that there exists no evidence that Menard breached its duty of care, because Menard had no prior notice of a defective condition of the doors. Menard asserts that defendant Door Closing, Inc., performed all maintenance on the doors. According to Menard, the doors required little maintenance. Menard employees could not perform the maintenance or make adjustments to the doors. If a maintenance issue arose, the doors were to be locked and Door Closing was to be called. The doors were given a cursory inspection at least once a day by the store manager. Further, Menard claims that its employees could not control the speed of the sliding doors. Menard argues that no evidence exists to show that any employee knew that the exit door would malfunction prior to December 10, 2003.

The Menard general manager inspected the doors daily by conducting a "walk through" to make sure all the automatic doors worked properly. On December 12, 2003, Menard called defendant Door Closing to perform service on the automatic door which caused plaintiff's injuries. On December 16, Door Closing performed the service call and replaced the Acusensor which had shorted or malfunctioned. Menard employees could not recall the exact reason for the service call, but Menard claims that the service call had nothing to do with plaintiff's accident on December 10, 2003.

Plaintiff argues that the daily "walk through," which is essentially just walking through the doors to make sure they open and close, was not a sufficient inspection. Plaintiff argues that the owner's manual required a comprehensive inspection of the doors' function. However, Menard did not have the owner's manual and never trained its employees to conduct a proper

inspection of the doors. Plaintiff argues that the replacement of the Acusensor on December 16 was clearly related to the malfunction on December 10 because, according to plaintiff, it is more likely that the Acusensor failed before the December 12 service call.

Clearly, if the door was defective and the defect or breakdown in normal operation caused plaintiff's injuries, the open and obvious doctrine is not an available defense. The circumstances of this case are not that the door was operating properly and plaintiff happened to sustain an injury. There is a question of fact whether a defect or failure in the normal operation of the door caused plaintiff's injury.

The owner's manual clearly sets forth instructions for a daily safety check. The daily safety check recommended in the owner's manual included a sensor activation check. Further, according to the owner's manual, door closing speed was to be checked periodically. It is undisputed that these checks were never performed by Menard employees. Menard employees never saw the owner's manual and were not trained to perform a daily safety check as described in the owner's manual. Further, there exists testimony in the record that the entrance and exit doors on occasion have slammed shut making a loud noise. On these occasions, service was called.

A question of fact exists as to whether defendant Menard appropriately maintained the door, whether the door was defective and caused plaintiff's injuries, and whether defendant Menard had knowledge or should have had knowledge of the defect. Defendant Menard argues that there is no possible way for its employees to discover a sensor malfunction or a problem with the door. Menard takes a reactive approach to maintaining its doors. When a problem occurred, service was called to repair the noted problem. No regular scheduled maintenance occurred. It may be more reasonable to schedule preventive maintenance or replacement of the sensor on an established basis, instead of simply waiting for the sensor to fail during operation. Menard maintains that the

ignorance of its employees on how to conduct a daily safety check absolves Menard from liability. Menard had a duty to ensure that its doors did not present an unreasonable risk of harm to its invitees. Menard cannot avoid its duty to invitees by failing to adequately train its employees on maintenance and required safety checks. Clearly, a question of fact exists on these issues. Accordingly, defendant Menard's motion for summary judgment will be denied.

       /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   December 12, 2007